IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMALI MCKAY, | ) | |
| | ) | Civil Action No. 22 – 1091 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT ERIC ARMEL, DISTRICT ATTORNEY OF WESTMORELAND COUNTY, and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) ) | |
| | ) | |
| *Respondents*. | ) ) | |

**MEMORANDUM OPINION**

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Omali McKay ("Petitioner") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition challenges Petitioner's judgment of sentence out of Westmoreland County at CP-65-CR-0002739-2013. For the following reasons, the Petition will be dismissed as untimely and a certificate of appealability will be denied.

**A. Procedural Background**

Petitioner was charged with the following counts by Criminal Information in the Court of Common Pleas of Westmoreland County, Criminal Division, at CP-65-CR-0002739-2013: two counts of aggravated indecent assault of a child (Counts 1 and 2) and one count each of criminal solicitation – involuntary deviate sexual intercourse (IDSI) by forcible compulsion (Count 3), indecent assault of a person less than 13 years of age (Count 4), and indecent exposure (Count 5). The Commonwealth filed the aforementioned charges against Petitioner as the result of

1

several incidents of sexual misconduct committed against the five-year-old niece of his girlfriend. The trial court held a three-day jury trial commencing on June 3, 2014. At trial, the then eight-year-old victim testified to a number of instances wherein Petitioner digitally penetrated her vagina. The victim also recalled an incident wherein Petitioner exposed himself to her, digitally penetrated her, and told her to open her mouth. On that occasion, the victim stated that she closed her mouth immediately because she feared Petitioner would insert his penis into it. Thereafter, the victim testified that Petitioner ejaculated on a bed. Moreover, based on pretrial argument, the trial court allowed evidence of Petitioner's prior bad acts under Pennsylvania Rule of Evidence 404(b). Specifically, the trial court allowed the victim's mother to testify that she feared Petitioner in order to explain her failure to report the incident to police promptly.

At the conclusion of the trial, the jury convicted Petitioner of the aforementioned crimes. On August 28, 2014, the trial court sentenced Petitioner to concurrent terms of 10 to 20 years of incarceration at Counts 1 and 2, the two counts of aggravated indecent assault, plus a consecutive term of 5 to 10 years of incarceration for criminal solicitation at Count 3. (ECF No. 10-2, pp.317-319, 320-340.) The trial court imposed no further sentence on Counts 4 and 5. Id. Accordingly, Petitioner received an aggregate term of 15 to 30 years of incarceration.

Petitioner filed post-sentence motions that were granted in part and denied in part on January 30, 2015.[1] Id., pp.310-16. Petitioner appealed and the Superior Court of Pennsylvania affirmed his judgment of sentence on October 15, 2015. Id., pp.241-48. Petitioner filed a

---

[1] Specifically, Petitioner's sentence was amended and he was sentenced to 5 to 10 years of incarceration at Count 1, 5 to 10 years of incarceration at Count 2, consecutive to Count 1, and 5 to 10 years of incarceration at Count 3, consecutive to count 2. No further sentence was ordered at Counts 4 and 5. All other terms of sentence remained.

2

petition for allowance of appeal that was denied by the Supreme Court of Pennsylvania on March 30, 2016.  Id., p.211.

Petitioner filed a *pro se* petition pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA") on or about March 1, 2017.  Id., pp.202-10.  Petitioner was appointed counsel who then filed an amended PCRA petition on July 20, 2017.  Id., pp.181-88.  An evidentiary hearing took place on December 19, 2017.  Id., pp.173-80.  On April 18, 2018, the court issued notice of its intention to dismiss the PCRA petition, and the petition was dismissed on May 15, 2018.  Id., pp.48, 149-64.  Petitioner did not appeal the dismissal of this petition.

Almost four years later, on or about March 31, 2022, Petitioner filed a second *pro se* PCRA petition.  Id., pp.49-148.  The PCRA court dismissed it as untimely on April 22, 2022.  Id., p.47.  Reconsideration was denied on May 13, 2022.  Id. p.42.  Petitioner did not appeal the dismissal of this petition.

Petitioner filed the instant Petition for Writ of Habeas Corpus in this case on or about July 18, 2022.[2]  In the Petition, Petitioner alleges that he is actually innocent and claims that his trial counsel was ineffective for failing to present evidence of his innocence at trial.  Respondents filed an Answer to the Petition on March 20, 2023.  (ECF No. 10.)  The Petition is now ripe for review.

---

[2] Under the mailbox rule, a *pro se* prisoner's filing is deemed filed at the time he or she hands it over to prison officials for mailing to the court or puts it in the prison mailbox.  Houston v. Lack, 487 U.S. 266, 276 (1988).  Although the Petition was not received by the Clerk of Court until July 28, 2022, the Petition is dated July 18, 2022.  As there is no evidence to the contrary, the Court will assume that Petitioner delivered his Petition for mailing on the day it was signed.  *See* West v. Lockett, 2009 WL 1270225, at *4 n.2 (W.D. Pa. May 6, 2009) (citing cases).

**B. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

**C. Discussion**

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must

4

determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any other exception or equitable tolling should be applied on the facts presented.

First, the "trigger date" for Petitioner's claims is the date on which his judgment of sentence became final.[3]  In this case, Petitioner's judgment of sentence became final on June 28, 2016, upon the expiration of the ninety-day period to seek review with the United States Supreme Court after the Pennsylvania Supreme Court denied his petition for allowance of appeal.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review).  Thus, the first day of Petitioner's one-year statute of limitations period was June 29, 2016, and absent any tolling for "properly filed" applications for post-conviction relief under section 2244(d)(2), Petitioner had one year from that date to file a timely federal habeas petition challenging his judgment of sentence.  Because Petitioner did not file his Petition in this case until July 18, 2022, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding.  Here, 245 days of Petitioner's one-year statute of limitations period expired after Petitioner's judgment of sentence became final and before Petitioner filed his first PCRA petition on March 1, 2017.  The statute of

---

[3] Petitioner's claims do not suggest that an alternative "trigger date" should be utilized.

limitations was then tolled during the pendency of those PCRA proceedings until June 14, 2018, which was the last day Petitioner had to file an appeal after the court dismissed his PCRA petition on May 15, 2018. At that time, Petitioner still had 120 days (365-245=120) remaining of his one-year limitations period. The statute started to run again on June 15, 2018, and it fully expired 120 days later, on October 13, 2018. However, as previously stated, Petitioner did not file his Petition in this case until July 18, 2022. As such, the Petition was untimely filed.[4]

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See* Holland v. Florida, 560 U.S. 631 (2010) (statute of limitations may be equitably tolled with showing of diligence and extraordinary circumstances); *see also* McQuiggin v. Perkins, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence).

Petitioner acknowledges that his Petition was untimely filed, but he argues for the applicability of the miscarriage of justice exception, or more commonly referred to as the actual innocence exception. This rule "is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." McQuiggin, 569 U.S. at 392 (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). To satisfy this standard, first, "a petitioner must present new, reliable evidence" and second, "show by a preponderance of the evidence 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence[.]'" Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010) (citing and quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)). The Supreme Court

---

[4] It is noted that Petitioner filed a second PCRA petition on March 31, 2022. However, his one-year statute of limitations had already expired prior to him doing so.

has stated that this gateway actual innocence standard is "demanding" and satisfied only in the "rare" and "extraordinary" case where "a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." McQuiggin, 569 U.S. at 386, 392, 401 (internal quotation marks and citation omitted); *see also* Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (noting that the actual innocence exception "will apply only in extraordinary cases").[5]

In support of his claim of actual innocence, Petitioner points to the following testimony of the victim that she made during his preliminary hearing on July 11, 2013:

> Q: Did anybody tell you how to say things that – about Marley touching you.
>
> A: No.
>
> Q: So nobody told you what to say today. Or did they?
>
> A: They did.
>
> Q: They did tell you.
>
> A: Yes.
>
> Q: Who told you? Your mom?

---

[5] It is important to keep the gateway "actual innocence" showing analytically separate from the underlying constitutional violation that is alleged in the merits of the habeas petition. The two are not the same. The merits of a habeas petition allege a constitutional violation in the state trial court – such as ineffective assistance of counsel. Though these underlying constitutional doctrines hope to achieve substantive accuracy in the trial court, habeas is used to correct a violation of the underlying constitutional doctrine, not to allege that the trial court was substantively wrong as to guilt or innocence.

A merits claim of actual substantive innocence has never been officially recognized by the Supreme Court as a "constitutional violation" that can provide habeas relief. *See* McQuiggin, 569 U.S. at 392 ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") The concept was debated in Herrera v. Collins, 506 U.S. 390 (1993), but has not been formally sanctioned by the Supreme Court. However, a showing of "actual innocence" can allow a petitioner to avoid the statute of limitations bar, so that the petitioner may proceed to a determination of the meris of his alleged procedural/constitutional violation.

      A:      Yes.

(ECF No. 1-3, p.3.) According to Petitioner, this "exculpatory evidence" demonstrates that the victim was told what to say by her mother and thus proves that he is innocent of the crimes of which he was convicted.[6]  (ECF No. 1-1, p.3.)

      First, the evidence relied on by Petitioner is not "new" and therefore does not meet the first requirement for the actual innocence exception. The "new evidence" step requires a petitioner to present "*new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence[.]" Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) (quoting Schlup, 513 U.S. at 324). Though these three categories "are not an exhaustive list of the types of evidence that can be 'reliable,'" Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012), the "new evidence" must be evidence that was not "available at trial." Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004).

      In an effort to fulfill the "new evidence" requirement, Petitioner avers that he did not receive of copy of the preliminary hearing transcript from his trial counsel until October 13, 2021, and he did not know about the victim's testimony until after he read the transcript. However, Petitioner was present at his preliminary hearing when the victim testified, and he was

---

[6] At trial, the following exchange occurred between defense counsel and the victim about the victim's testimony at the preliminary hearing:
    Q:    Do you remember I asked you - - (brief pause) did anybody tell you how to say things about Marley touching you?
    A:    No.
    Q:    And then I asked you, did they tell you what to say, and do you remember saying yes?
    A:    Yes.
    Q:    Do you remember me asking you who told you, and I asked you, your mom, and do you remember saying yes?
    A:    Yes.
    Q:    So, at some time, your mom did tell you what to say?
    A:    She didn't. I got confused at that moment.
(ECF No. 10-3, p.189.)

present at his trial when the victim was questioned about that portion of her preliminary hearing testimony on which he relies. Here, the victim's testimony is not "new evidence," let alone "new evidence" that was unavailable at trial. Indeed, at trial the victim was actually questioned about her statements made at Petitioner's preliminary hearing and the jury was able to take that evidence into consideration when it deliberated and voted to convict Petitioner. *See* FN 6. Because the jury did convict him notwithstanding this evidence, Petitioner obviously does not satisfy the second requirement for the actual innocence exception either – that it is more likely than not that no reasonable juror would convict him in light of the evidence. For these reasons, Petitioner has failed to fulfill the requirements necessary to travel through the actual innocence gateway, and he is bound by AEDPA's statute of limitations time restrictions. The Petition will be dismissed accordingly.[7]

### D. Certificate of Appealability

A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

[7] The Court notes that even if the Petition was not time barred then it would be subject to dismissal for substantially the same reasons set forth by the Respondents in the Answer. Namely, Petitioner's sole claim of ineffective assistance of counsel is procedurally defaulted, and, for the reasons already stated, this is not one of the rare cases in which the fundamental miscarriage of justice rule would apply to excuse the procedural default.

Petitioner has not made the requisite showing in this case.  Accordingly, a certificate of appealability will be denied.  An appropriate Order will be entered.

Dated: June 2, 2023.

                                                            Lisa Pupo Lenihan
                                                            United States Magistrate Judge

Cc:    Omali McKay
        MD3813
        SCI Fayette
        50 Overlook Drive
        LaBelle, PA  15450

        Counsel for Respondents
        (*via CM/ECF electronic mail*)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMALI MCKAY, | ) | |
| | ) | Civil Action No. 22 – 1091 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT ERIC ARMEL, DISTRICT ATTORNEY OF WESTMORELAND COUNTY, and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) ) | |
| *Respondents*. | ) ) | |

**ORDER**

**AND NOW**, this 2nd day of June 2023;

**IT IS HEREBY ORDERED** that, for the reasons set forth in the accompanying Memorandum Opinion, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED as untimely**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Respondents and mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Omali McKay
MD3813
SCI Fayette
50 Overlook Drive
LaBelle, PA  15450

Counsel for Respondents
(*via CM/ECF electronic mail*)